UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Peter Szanto,<br>　　　　　　　Debtor-Appellant,<br>v.<br>Bank of New York,<br>　　　　　　　Creditor-Appellee. | Case No.: 23cv95-JO-BGS<br><br>**ORDER AFFIRMING<br>BANKRUPTCY COURT** |

Debtor-Appellant Peter Szanto filed this action appealing the bankruptcy court's January 4, 2023 order denying his motion to vacate a trustee's sale and request for expedited oral argument. Dkt. 1. For the following reasons, the Court affirms the bankruptcy court's order.

On July 22, 2022, the bankruptcy court dismissed Szanto's Chapter 11 bankruptcy for improper venue. *See In re Peter Szanto*, Case No. 22-01558-CL11 (Bankr. S.D. Cal.), Dkt. 82. Despite the dismissal of his bankruptcy case, on December 27, 2022, Szanto filed a motion in the bankruptcy court to vacate a trustee's sale of the property located at 4484 Dulin Place, Oceanside, CA 92057 (the "Property"), and requested expedited oral argument to address this issue. Dkt. 7, Exs. A–B. On January 4, 2023, the bankruptcy

court issued an order denying these motions for lack of jurisdiction. Dkt. 7, Ex. C. Because it had just dismissed Szanto's underlying bankruptcy case, the bankruptcy court found that it did not have jurisdiction to determine rights to the Property, which was no longer part of a bankruptcy estate. Dkt. 7, Ex. C (citing 28 U.S.C. §§ 1334(e)(1), (b)). On January 18, 2023, Szanto filed a notice of appeal of the bankruptcy court's order to this Court. Dkt. 1.

District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. 28 U.S.C. § 158. "The bankruptcy court's findings of fact are reviewed for clear error, while its conclusions of law are reviewed de novo." *In re Strand*, 375 F.3d 854, 857 (9th Cir. 2004) (citing *Galam v. Carmel (In re Larry's Apt., L.L.C.)*, 249 F.3d 832, 836 (9th Cir. 2001)).

Upon reviewing the record, the Court finds that the bankruptcy court did not err in denying Szanto's motion to vacate the trustee's sale of the Property and declining to hold expedited oral argument on this issue. Dkt. 7, Ex. C. Once the bankruptcy court dismissed Szanto's underlying bankruptcy case, it no longer had jurisdiction over the property included in the terminated bankruptcy estate; therefore, it could not issue orders regarding property involved in the bankruptcy or otherwise affecting the merits of the case. *See* 28 U.S.C. § 1334(e)(1); *McQuaid v. Owners of NW 20 Real Estate (In re Federal Shopping Way, Inc.)*, 717 F.2d 1264, 1272 (9th Cir. 1983) (bankruptcy court only has jurisdiction to determine rights to a property that is part of a bankruptcy estate). It was therefore correct in declining to issue further orders after its dismissal of the bankruptcy case. Accordingly, the Court AFFIRMS the bankruptcy court's January 4, 2022 order and DIRECTS the Clerk to close the case.

**IT IS SO ORDERED**.

Dated: June 15, 2023

_____
Honorable Jinsook Ohta
United States District Judge